IN THE UNITED STATES COURT OF FEDERAL CLAIMS

ACLR, LLC                     )
                                       )
          Plaintiffs,          )
                                       )
           v.               )      No. 15-767
                                       )      (Judge Merow)
UNITED STATES,        )
                                       )
          Defendant.       )

DEFENDANT'S ANSWER

For its answer to the complaint, defendant admits, denies, and alleges as follows:

1.      Denies the allegations contained in paragraph 1 for lack of knowledge or information sufficient to from a belief as to the truth.

2.      Admits.

3.      Defendant admits the allegations contained in paragraph 3 to the extent supported by the statute cited, which is the best evidence of its contents; otherwise denies the allegations in paragraph 3.

4.      Defendant admits the allegations contained in paragraph 4 to the extent supported by the statute cited, which is the best evidence of its contents; otherwise denies the allegations in paragraph 4.

5.      Defendant admits the allegations contained in paragraph 5 to the extent supported by the statute cited, which is the best evidence of its contents; otherwise denies the allegations in paragraph 5.

6.      Defendant admits the allegations contained in paragraph 6 to the extent supported by the statute cited, which is the best evidence of its contents; otherwise denies the

allegations in paragraph 6.

7.      Defendant admits the allegations contained in paragraph 7 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations in paragraph 7.

8.      Defendant admits the allegations contained in paragraph 8 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations in paragraph 8.

9.      Defendant admits the allegations contained in paragraph 9 to the extent supported by the technical proposal cited, which is the best evidence of its contents; otherwise denies the allegations in paragraph 9.

10.     Defendant admits the allegations contained in paragraph 10 to the extent supported by the Performance Work Statement cited, which is the best evidence of its contents; otherwise denies the allegations in paragraph 10.

11.     Defendant admits the allegations contained in paragraph 11 to the extent supported by the  subsequent addendum cited, which is the best evidence of its contents; otherwise denies the allegations in paragraph 11.

12.      Defendant admits the allegations contained in paragraph 12 to the extent supported by the document cited; otherwise denies the allegations in paragraph 12.

13.     Defendant admits the allegations contained in paragraph 13 to the extent supported by the document cited; otherwise denies the allegations in paragraph 13.

14.     Admits.

15.     Denies.

16.     Denies.

17.     Denies.

18.     Denies.

19.     Defendant denies the allegations contained in the first sentence of paragraph 19. Defendant admits the allegation contained in the second sentence of paragraph 19 that CMS made no contract modifications or offers for equitable relief to pay ACLR apart from that which the contract provided; otherwise denies the allegations in paragraph 19.

20.     Denies the allegations contained in paragraph 20 for lack of knowledge or information sufficient to form a belief as to their truth.

21.     Admits.

22.     Denies the allegations contained in paragraph 22 for lack of knowledge or information sufficient to form a belief as to their truth.

23.     Denies the allegations contained in paragraph 23 for lack of knowledge or information sufficient to form a belief as to their truth.

24.     Denies the allegations contained in paragraph 24 for lack of knowledge or information sufficient to form a belief as to their truth.

25.     Denies the allegations contained in paragraph 25, for lack of knowledge or information sufficient to form a belief as to their truth.

26.     Admits the allegations contained in the first sentence of paragraph 26 to the extent supported by the email cited, which is the best evidence of its contents; otherwise denies the allegations.  Denies the second sentence of paragraph 26 for lack of knowledge or information sufficient to form a belief as to their truth.

27.     Denies the allegations contained in paragraph 27 for lack of knowledge or information sufficient to form a belief as to their truth.

28.     Denies.  Avers that on December 19, 2011, ACLR submitted a request for equitable adjustment in the amount of $662,972.83.

29.     Denies.  Avers that CMS denied ACLR's request for equitable adjustment.

30.     Admits the allegations contained in the first and second sentences of paragraph 30 to the extent supported by the contract modification cited, which is the best evidence of its contents; otherwise denies the allegations contained in the first and second sentences of paragraph 30.   Denies the allegations contained in the third sentence of paragraph 30 for lack of knowledge or information sufficient to form a belief as to their truth.

31.     Denies the allegations contained in paragraph 31 for lack of knowledge or information sufficient to form a belief as to their truth.

32.     Denies the allegations contained in the first sentence of paragraph 32; avers that on March 23, 2012, CMS Contracting Officer Representative Frank Chartier communicated with ACLR regarding improper payments associated with excluded providers.  Admits the allegation contained in the second sentence of paragraph 32 that CMS Contracting Officer Theresa Schultz requested that ACLR resubmit finalized data associated with the 2007 excluded provider audit; otherwise denies the allegations contained in the second sentence of paragraph 32.

33.     Admits the allegation contained in paragraph 33 that CMS made no contract modifications or offers of equitable relief to pay ACLR in any manner apart from that which the contract provided, otherwise denies the allegations in paragraph 33.

34.     Admits the allegation contained in paragraph 34 that subsequent contract modifications and CMS actions associated with the 2007 excluded provider improper payments extended the MOD 000003 audit cycle timelines of 182 days to 436 days,

eliminated recoveries of improper payments associated with inactive contracts and plan-to-plan payments, and suspended the recoupment of improper payments from contracts that did not appeal ACLR findings until the completion of all appeal activities to the extent supported by the modifications cited, which is the best evidence of their contents; and admits CMS made no contract modifications or offers of equitable relief to pay ACLR in any manner apart from that which the contract provided; otherwise denies the allegations in paragraph 34.

35.     Denies.

36.     Denies the allegations contained in the first sentence of paragraph 36.  Admits that the allegation contained in the second sentence of paragraph 36 that CMS made no contract modifications or offers of equitable relief to pay ACLR in any manner apart from that which the contract provided, otherwise denies the allegations in the second sentence of paragraph 36.

37.     Admits the allegations contained in paragraph 37 to the extent supported by the modification cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 37.

38.     Admits the allegations contained in paragraph 38 to the extent supported by documents cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 38.

39.     Denies.

40.     Admits the allegations contained in paragraph 40 to the extent supported by the modification cited, which is the best evidence of its contents, otherwise denies the allegations contained in paragraph 40.

41.     Defendant denies the allegations contained in the first sentence of paragraph 41 for lack of knowledge or information sufficient to form a belief as to their truth. Defendant denies the allegations in the second sentence of paragraph 41.

42.     Denies.

43.     Denies.

44.     Admits.

45.     Denies.

46.     Denies.

47.     Admits the second part of the first sentence, that ACLR noted that CMS had added language pertaining to a Contractor's Statement of Release that would have relieved CMS from any future requests for equitable adjustment, to the extent supported by the document cited, which is the best evident of its content; otherwise denies the remaining allegations in the first sentence of paragraph 47.  Defendant denies the allegations contained in the second sentence of paragraph 47 for lack of knowledge or information sufficient to form a belief as to their truth.  Defendant denies the allegations in the third sentence of paragraph 47.

48.     Admits the allegations contained in first sentence of paragraph 48.  Denies the allegations contained in the second sentence of paragraph 48.

49.     Admits the allegations contained in paragraph 49 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations in paragraph 49.

50.     Denies the allegations contained in paragraph 50 for lack of knowledge or information sufficient to form a belief as to their truth.

51.     Denies.

52.     Admits the allegations contained in the first sentence of paragraph 52 that CMS approved a duplicate payment audit associated with 2010, 2011, and 2012 payment data, denies the remaining allegations contained in the first sentence of paragraph 52.   Denies the allegations contained in the second sentence of paragraph 52 for lack of knowledge or information sufficient to from a belief as to their truth.   Denies the allegations contained in the third sentence of paragraph 52.

53.     Denies the allegations contained in the first sentence of paragraph 53, but avers that on July 8, 2014, CMS Contracting Officer Representative Sonja Brown communicated with ACLR regarding approval of Requests for Information (RFIs) on duplicate payments and the calendar year 2010 payment data.  Admits the allegation contained in the second sentence of paragraph 53 that CMS made no contract modifications or offers of equitable relief to pay ACLR in any manner apart from that which the contract provided, otherwise denies the allegations contained in the second sentence of paragraph 53.

54.     Admits.

55.     Admits the allegation contained in the first sentence of paragraph 55 that on September 3, 2104, CMS notified ACLR that CMS has been in contact with a pharmacy benefit manager ("PBM"), denies the remaining allegations contained in the first sentence of paragraph 55.  Defendant avers that plan sponsors expressed concerns over the large number of PDE records misidentified as improper by ACLR.  The allegations contained in the second sentence of paragraph 55 are plaintiff's characterization of it case, to which no answer is required; to the extent they may be deemed allegations of fact, they are

denied.

56.     Denies the allegations in paragraph 56.  Aver that a notification was sent to affected plan sponsors informing them as a result of additional analysis many plan sponsors would see a reduction in the number of PDE records identified as improper.

57.     Admits the allegations contained in the first and second sentence of paragraph 57 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in the first and second sentences of paragraph 57.  Denies the allegations contained in the third sentence of paragraph 57 for lack of knowledge or information sufficient to form a belief as to their truth.

58.     Admits the allegations contained in the first sentence of paragraph 58 to the extent supported by the documents cited, which is the best evidence of its content, otherwise denies the allegations contained in the first sentence of paragraph 58.  Admits the allegation contained in the second sentence of paragraph 58 that CMS made no contract modifications or offers of equitable relief to pay ACLR in any manner apart from that which the contract provided, otherwise denies the allegations contained in the second sentence of paragraph 58.

59.     Admits.

60.     Denies.  Avers that ACLR commenced recovery audit efforts for the 2010-2011 DEA Schedule Refill Errors audit by sending RFIs to plan sponsors.

61.     Admits the allegation contained in the first sentence of paragraph 61 that ACLR was informed that CMS personnel had been in contact with the PBM pertaining to concerns regarding the submission of evidentiary support for PDEs identified by ACLR, otherwise denies the allegations in paragraph 61.

62.     Denies.

63.     Denies the allegations contained in the first sentence of paragraph 63 for lack of knowledge or information sufficient to form a belief as to their truth.  Admit the allegation contained in the second sentence of paragraph 63 that CMS made no contract modifications or offers for equitable relief to pay ACLR in any manner apart from that which the contract provided, otherwise denies the allegations cotnained in the second sentence of paragraph 63.

64.     Denies the allegations contained in paragraph 64 for lack of knowledge or information sufficient to form a belief as to their truth.

65.     The allegations contained in paragraph 65 are plaintiff's characterization of its case and constitute conclusions of law to which in answer is required; to the extent they may be deemed allegations of fact, they are denied.

66.     Admits the allegations contained in the first sentence of paragraph 66 to the extent supported by the documents cited, which is the best evidence of their contents; otherwise denies the allegations contained in the first sentence of paragraph 66.  Denies the allegations contained in the second sentence of paragraph 66.

67.     Denies.

68.     Denies.

69.     Admits the allegations contained in the first sentence in paragraph 69 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 69.

70.     Denies the allegations contained in paragraph 70 for lack of knowledge or information sufficient to form a belief as to their truth.

71.     The allegations contained in paragraph 71 are plaintiff's characterization of its case and constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

72.     Admits the allegations contained in paragraph 72 to the extent supported by the document cited, which is the best evidence of their contents; otherwise denies the allegations in paragraph 72.

73.      Admits the allegations contained in paragraph 73 to the extent supported by the document cited, which is the best evidence of their contents; otherwise denies the allegations in paragraph 73.

74.     Defendant's responses to paragraphs 1 through 73 of the Complaint are incorporated by reference.

75.     Admits the allegations contained in paragraph 75 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations.

76.     The allegations contained in paragraph 76, including subparagraphs a through d, are plaintiff's characterization of its case and constitute conclusions of law to which no answer it required; to the extent they may be deemed allegations of fact, they are denied.

77.     The allegations contained in paragraph 77 are plaintiff's characterization of its case and constitute conclusions of law to which no answer it required; to the extent they may be deemed allegations of fact, they are denied.

78.     Defendant's responses to paragraphs 1 through 77 of the Complaint are incorporated by reference.

79.     The allegations contained in paragraph 79 are plaintiff's characterization of its

case and constitute conclusions of law to which no answer it required; to the extent they may be deemed allegations of fact, they are denied.

80.      The allegations contained in paragraph 80, including subparagraphs a through d, are plaintiff's characterization of its case and constitute conclusions of law to which no answer it required; to the extent they may be deemed allegations of fact, they are denied.

81.      The allegations contained in paragraph 81 are plaintiff's characterization of its case and constitute conclusions of law to which no answer it required; to the extent they may be deemed allegations of fact, they are denied.

82.      Denies that plaintiff is entitled to the relief set forth in numbers (1) through (3), in the prayer for relief immediately following paragraph 81, or to any relief whatsoever.

83.      Denies each and every allegation not previously admitted or otherwise qualified.

        WHEREFORE, Defendant requests that the Court enter judgment in its favor, order that the complaint be dismissed, and grant defendant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

BENJAMIN C. MIZER
Principal Deputy Assistant Attorney General

ROBERT E. KIRSCHMAN, JR.
Director

s/Martin F. Hockey, Jr.
MARTIN F. HOCKEY, JR.
Assistant Director

s/Jessica R. Toplin
JESSICA R. TOPLIN
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
P.O. Box 480
Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 616-0382
Jessica.Toplin@usdoj.gov

Attorneys for Defendant

December 21, 2015