# In the United States Court of Federal Claims

No. 15-767C (consolidated with No. 16-309C)

(E-Filed:  November 1, 2018)

|  |  |
|---|---|
| ACLR, LLC, | ) |
|  | ) |
| Plaintiff, | ) |
|  | ) |
| v. | ) |
|  | ) |
| THE UNITED STATES, | ) |
|  | ) |
| Defendant. | ) |

## ORDER

The court has before it plaintiff's motion for partial summary judgment, ECF No. 51, and defendant's cross-motion for summary judgment, ECF No. 52.  These motions are fully briefed.  The final brief filed by defendant, ECF No. 61, raises a number of issues which appear to be new, at least in the court's view.

The court therefore solicits a sur-reply brief from plaintiff to ensure that both parties are heard on these new arguments and new citations to authority, as identified in this order.[1]  The page citations below are for illustrative purposes and may not be comprehensive.  Plaintiff shall address the following topics in its sur-reply brief:

(1) Whether the Christian doctrine has applicability to the contract at issue in this dispute, either to supplement the terms of the Performance Work Statement, or the Statement of Work.  See ECF No. 61 at 8 (citing G. L. Christian & Assocs. v. United States, 320 F.2d 345, 355 (Ct. Cl. 1963)).

(2) Whether government oversight of contractual performance is a deeply ingrained procurement policy and inherent in the contract at issue here.

---

[1]  Plaintiff should limit its rebuttal of the content of defendant's reply brief to these topics.

See id. at 15 (citing Gen. Eng'g & Mach. Works v. O'Keefe, 991 F.2d 775, 779 (Fed. Cir. 1993)).

(3) Whether FAR 46.102, FAR 46.104, and FAR 52.246-20(b) have been incorporated into the subject contract through the Christian doctrine or other means.  See id. at 15-16.

(4) Whether any partial terminations for convenience occurred regarding the audits at issue in the parties' cross-motions.  See id. at 16 (citing VHC, Inc. v. Peters, 179 F.3d 1363, 1366 (Fed. Cir. 1999)).

(5) Whether the supremacy of procurement regulations over illegal contract terms has applicability to this contract.  See id. at 17 (citing Beta Sys., Inc. v. United States, 838 F.2d 1179, 1185 (Fed. Cir. 1988)).

(6) Whether plaintiff seeks equitable relief that is outside the jurisdiction of this court.  See id. at 23-24 (citing, among other cases, United States v. Testan, 424 U.S. 392, 397-98 (1976)).

(7) Whether plaintiff may obtain damages in this suit other than actual, presently due money damages.  See id. at 24-25 (citing Massie v. United States, 226 F.3d 1318, 1321 (Fed. Cir. 2000)).

(8) Finally, although this may not be an entirely new issue, the government has hypothesized that the 2007 audit would necessary have become a documentation audit, not a data audit, if it had proceeded.  See id. at 9.  Plaintiff shall first explain how the distinction between data and documentation audits would apply to all of the contested audits here, and then address whether the government's hypothesis as to the 2007 audit is correct.

Plaintiff's sur-reply brief should not exceed **30 pages**.  Accordingly, plaintiff shall **FILE** its **sur-reply brief** on or before **November 21, 2018**.

IT IS SO ORDERED.

s/Patricia E. Campbell-Smith
PATRICIA E. CAMPBELL-SMITH
Judge