# In the United States Court of Federal Claims

No. 15-767C (consolidated with No. 16-309C)

(E-Filed: June 26, 2019)

|  |  |
|---|---|
| ACLR, LLC, | ) |
|  | ) |
| Plaintiff, | ) |
|  | ) |
| v. | ) |
|  | ) |
| THE UNITED STATES, | ) |
|  | ) |
| Defendant. | ) |

## ORDER

The court has before it plaintiff's motion for partial summary judgment, ECF No. 51, and defendant's cross-motion for summary judgment, ECF No. 52. These motions are fully briefed, with a sur-reply filed by plaintiff, ECF No. 65. One of the pivotal issues in this case concerns the Christian doctrine, and whether certain contract terms should be incorporated into plaintiff's contract as a matter of law. See G. L. Christian & Assocs. v. United States, 320 F.2d 345 (Ct. Cl. 1963); G. L. Christian & Assocs. v. United States, 312 F.2d 418 (Ct. Cl. 1963). The parties' briefing of the Christian doctrine is quite limited; yet, the court's ruling on this aspect of the parties' requests for summary judgment in these consolidated cases must address the doctrine in some detail.

The parties' briefing on the subject of the Christian doctrine has not adequately addressed the following topics. Rather than decide a major issue in these cases based solely on the court's research and reading of the record, the court requires the parties to fully address the court's comments in this order. A sequential briefing schedule for the parties' supplemental briefs is set forth at the conclusion of this order.

I. Termination for Convenience Clause

On the topic of a termination for convenience clause that might be incorporated into plaintiff's contract by operation of law, the court observes that plaintiff's contract is a task order, under Contract No. GS-23F-0074W. ECF No. 51-3 at 152. The task order specifies that it includes only those terms and conditions that differ from or supplement

the master contract.  Id. at 154.  The master contract is a General Services Administration Federal Supply Schedule (FSS) contract.  Id.; see also ECF No. 53 at 36; ECF No. 58-6 at 3.

The Federal Acquisition Regulation (FAR) provisions applicable to FSS contracts are set forth in FAR Subpart 8.4.[1]  The termination for convenience clause for FSS contracts is FAR 8.406-5.  The termination for cause clause for FSS contracts is FAR 8.406-4.  Both of these FAR provisions reference FAR 12.403.

A number of other FAR provisions may be relevant to the termination for convenience, or partial termination for convenience, or constructive partial termination for convenience, of a task order under an FSS contract.  The parties may wish to consider FAR 12.301(b)(3) and FAR 52.212-4, among others.  The court notes that none of the parties' briefing of the Christian doctrine has referenced the FAR provisions cited in this order.

II.     Contract Oversight Provisions Located in the FAR

Defendant referenced three FAR provisions which generally address contract administration and oversight in its reply brief and suggested that these provisions should be incorporated into plaintiff's contract pursuant to the Christian doctrine.  See ECF No. 61 at 15-16.  Plaintiff's rebuttal of defendant's Christian doctrine arguments relied on K-Con, Inc. v. Secretary of Army, 908 F.3d 719 (Fed. Cir. 2018), a decision which issued after defendant filed its final brief in the summary judgment briefing now before the court.  ECF No. 65 at 8.  The parties should examine, first, whether, K-Con bars the incorporation of contract administration provisions of the FAR, as opposed to contract clauses in the FAR, into a government contract.

Second, the court directs the parties to Subpart 8.4 and Part 12 of the FAR.  It may be that contract administration provisions and/or contract clauses relevant to the contract administration and oversight of plaintiff's task order are found therein.  As the United States Court of Appeals for the Federal Circuit has held, FAR Part 12 applies generally to task orders issued under FSS contracts, and trumps conflicting provisions, if any, in FAR Subpart 8.4.[2]  CGI Fed. Inc. v. United States, 779 F.3d 1346, 1353-54 (Fed. Cir. 2015)

---

[1]     All citations to the Federal Acquisition Regulation (FAR) in this order are to the 2018 version of Title 48 of the Code of Federal Regulations

[2]     In the court's view, this holding in CGI applies with equal force to the FAR Part 12 provisions cited earlier in this order that might be relevant to the termination for convenience clause dispute.

(citing FAR 12.102(c)).  The court observes that neither party has referenced CGI in its summary judgment briefs.

III.	Conclusion

The schedule set forth below reflects the court's concern that the supplemental briefing required by the court does not interfere overmuch with the other duties and commitments of counsel.  Page limits are **forty pages** for plaintiff's supplemental brief and the government's supplemental response brief, and **thirty pages** for plaintiff's supplemental reply brief and the government's supplemental sur-reply brief.  Plaintiff shall attach a copy of **Contract No. GS-23F-0074W** as an exhibit to its supplemental brief.  Accordingly,

(1) Plaintiff shall **FILE** its Christian doctrine **supplemental brief** on or before **July 31, 2019;**

(2) Defendant shall **FILE** its Christian doctrine **supplemental response brief** on or before **August 15, 2019;**

(3) Plaintiff shall **FILE** its Christian doctrine **supplemental reply brief** on or before **August 30, 2019**; and

(4) Defendant shall **FILE** its Christian doctrine **supplemental sur-reply brief** on or before **September 13, 2019**.

IT IS SO ORDERED.

s/Patricia E. Campbell-Smith  
PATRICIA E. CAMPBELL-SMITH  
Judge