# In the United States Court of Federal Claims

No. 15-767C
(consolidated with No. 16-309C)

(E-Filed:  April 21, 2020)

|  |  |
|---|---|
| ACLR, LLC, | ) |
|  | ) |
| Plaintiff, | ) |
|  | ) |
| v. | ) |
|  | ) |
| THE UNITED STATES, | ) |
|  | ) |
| Defendant. | ) |
|  | ) |

## ORDER

On April 20, 2020, pursuant to the court's April 6, 2020 opinion, the parties filed a joint status report with the court concerning further proceedings in this matter.  See ECF No. 81.  Therein, the parties propose a path forward to address plaintiff's claims for termination for convenience costs.  See id. at 1.

The parties agree that plaintiff should submit a termination for convenience proposal to the agency—the United States Department of Health and Human Services, the Centers for Medicare & Medicaid Services—for evaluation and decision.  See id.  Thus, the parties propose that the court exercise its "remand authority under the Contract Disputes Act [(CDA)]," to remand the case to the agency for that purpose.  Id.  Defendant requests that the duration of the remand be ninety days, while plaintiff argues that thirty days is more appropriate because a "continued period of delay in resolving this case is prejudicial to a small business such as ACLR."  Id. at 2-3.

This court has the power under the CDA to "remand the case for further action by the agency board or by the executive agency as appropriate, with direction the court considers just and proper."  41 U.S.C. § 7107(c) (2011); see also Rule 52.2(a) of the Rules of the United States Court of Federal Claims (RCFC) ("In any case within its jurisdiction, the court, on motion or on its own, may order the remand of appropriate matters to an administrative or executive body or official.").  The court agrees with the

parties that a remand is appropriate here, and with defendant that 90 days is a reasonable period of remand.

  Accordingly,

(1)  Pursuant to 41 U.S.C. § 7107(c) and RCFC 52.2(a), plaintiff's termination for convenience costs claim is **REMANDED** to the United States Department of Health and Human Services so that the agency may consider the claim;

(2)  The initial duration of the remand is **ninety days** from the date of this order, or until **July 20, 2020**, which may be extended, upon motion, pursuant to RCFC 52.2(c), or which may be shortened should the agency complete its consideration process sooner;

(3)  The clerk's office is directed to **STAY** this case until further order of the court;

(4)  On or before **April 24, 2020**, defendant is directed to **FILE** a **status report** providing the court with the name and address of the agency representative on whom the court should serve a certified copy of this order, pursuant to RCFC 52.2(b)(2);

(5)  Pursuant to RCFC 52.2(b)(1)(D), the parties are directed to **FILE** a **joint status report**, on **May 26, 2020**, **June 25, 2020**, and **July 20, 2020**, indicating the status of the proceedings on remand; and

(6)  Pursuant to RCFC 52.2(e)(1), the parties are directed to **FILE** a **joint status report** within **thirty days** of the filing of the final decision or other action on remand setting forth the parties' positions regarding whether further litigation of this matter is necessary.  If further proceedings are appropriate, the parties shall include a proposed schedule to govern this case going forward.

  IT IS SO ORDERED.

                s/Patricia E. Campbell-Smith
                PATRICIA E. CAMPBELL-SMITH
                Judge