# In the United States Court of Federal Claims

No. 15-767C
(consolidated with No. 16-309C)

(E-Filed: October 30, 2020)

|  |  |
|---|---|
| ACLR, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| THE UNITED STATES, | ) |
| | ) |
| Defendant. | ) |

## SCHEDULING ORDER

On October 23, 2020, pursuant to Rule 52.2(e) of the Rules of the United States Court of Federal Claims (RCFC) and the court's October 6, 2020 order, the parties filed their notice in this matter. See ECF No. 99. On October 7, 2020, "the agency contracting officer issued a final decision on remand pertaining to [plaintiff's] termination for convenience claim." Id. at 1.

The parties' notice states, "[t]he parties do not agree upon the next steps that should be taken in the litigation." Id. Defendant "believes that the final [remand] decision affords a satisfactory basis for disposition of the case" and proposes a schedule for the filing of plaintiff's amended compliant; defendant's answer; conducting limited, non-expert discovery; disclosing experts as to the agency remand; and the filing of the parties' dispositive motions, on or before June 30, 2021. Id. at 1-2. Plaintiff, however, states, that "[t]he contracting officer's authority and final decision on the constructive termination for convenience proposal submission is limited to the remand and not the final decision of this case." Id. at 3. Consequently, plaintiff further states that "[a]n amended complaint is unnecessary" and proposes "that the parties submit to the Court by November 2, 2020 the documents they exchanged in the termination for convenience process and the Court then rule based upon its consideration of those documents." Id. at 3-4.

The court is sensitive to plaintiff's current posture after remand. However, it agrees with defendant that in order to assert their termination for convenience claim from

the remand, plaintiff must amend its complaint.  The court shall lift the current stay of this matter and direct plaintiff to file an amended complaint to include their termination for convenience (damages) claim related to the remand of this matter.  Defendant will be directed to file the government's answer to the amended complaint and then the court shall hear again from the parties as to the next steps in this litigation.

Accordingly:

(1) The clerk's office is directed to **LIFT** the stay in this matter; and

(2) On or before **November 6, 2020**, plaintiff is directed to **FILE** an **amended complaint**;

(3) On or before **December 4, 2020**, defendant is directed to **FILE** an **answer** to plaintiff's amended complaint;

(4) On or before **December 11, 2020**, the parties are directed to **CONFER** and **FILE** a **joint status report**, indicating if expert discovery is necessary and if so, the status report shall set forth a proposed schedule for the expert discovery/disclosures, pursuant to RCFC 26(a)(2).[1]  In the event the parties determine expert discovery is not needed, the status report shall state whether the parties intend to file dispositive motions.  If dispositive motions are to be filed, the status report shall set forth a proposed schedule in that regard.  If dispositive motions are viable, the parties shall set forth a proposed schedule for the exchanges required by Appendix A, ¶ 13 and the filings required by ¶¶ 14 through 17.

IT IS SO ORDERED.

s/Patricia E. Campbell-Smith
PATRICIA E. CAMPBELL-SMITH
Judge

---

[1] The parties reported in their February 7, 2018 joint status report that "fact and expert discovery have now been completed in both of these related matters."  ECF No. 47 at 1.  As such any discovery at this juncture would be very limited.