IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| **ACLR, LLC** ) | |
| ) | |
| Plaintiff ) | Nos. 15-767 & 16-309C |
| ) | (Judge Campbell-Smith) |
| v. ) | |
| ) | |
| **THE UNITED STATES** ) | |
| ) | |
| Defendant ) | |
| ) | |

**AMENDED COMPLAINT**

Plaintiff ACLR, LLC ("ACLR"), by and through undersigned counsel, hereby files its Amended Complaint against Defendant the United States of America and states as follows:

1. This Amended Complaint seeks termination for convenience damages for the Defendant's constructive termination for convenience.

PARTIES

2. ACLR is a Michigan limited liability company with a principal place of business at 43000 West 9 Mile Road, Suite 108, Novi, Michigan 48375.

3. Defendant is the United States of America acting by and through the United States Department of Health & Human Services, Center for Medicare & Medicaid Services ("CMS").

JURISDICTION

4. This Court has jurisdiction over the subject matter of this action pursuant to the Tucker Act, 28 U.S.C. 1491 and the Contract Disputes Act, 41 U.S.C. 7101-7109.

BACKGROUND

5. On January 13, 2011, CMS awarded Contract No. GS-23F-0074W/Task Order No. HHSM-500-2011-00006G or Part D RAC to ACLR.

6. Throughout the course of the contract, ACLR made multiple attempts to obtain an equitable adjustment so that it could recoup costs expended while CMS delayed project implementation.

7. The contracting officer denied ACLR's request for equitable adjustment on the rationale that there was no mechanism under a contingency fee based contract by which an equitable adjustment could be made.

8. On July 22, 2015, ACLR filed a Complaint against CMS alleging claims of breach of contract and breach of duty of good faith and fair dealing.

9. On September 24, 2015, CMS determined a "more reasonable settlement range" for reimbursing ACLR for 2011 costs was "an amount between $2 and $3 million."

10. On March 23, 2020, this Court denied ACLR's motion for partial summary judgment and granted CMS's cross-motion for summary judgment ruling, in part, that "the termination of the 2007 and 2010 audits effected constructive terminations for convenience."

11. In its Opinion and Order, this Court wrote "[t]he parties have not presented sufficient evidence and argument regarding the percentage of work performed by plaintiff, or its reasonable charges resulting from a termination for convenience, to enable the court to determine the amount of compensation to which plaintiff is entitled. . . . The court will, therefore, require additional submissions from the parties on this issue."

12. This Court remanded the matter to the United States Department of Health and Human Services for a decision on the costs ACLR was entitled to based upon the finding of a constructive termination for convenience.

13. ACLR submitted a termination for convenience settlement proposal on a cost basis to the designated agency contracting officer on May 15, 2020. A copy is attached as Exhibit A.

14. On May 28, 2020, the contracting officer requested the proposal be based on percentage of work performed.

15. Pursuant to the contracting officer's request, ACLR submitted the revised proposal on June 26, 2020. A portion of the revised proposal is attached as Exhibit B.

16. On September 3, 2020, the contracting officer issued a response to ACLR stating the response is pending OMB approval. The contracting officer's settlement sum contained in her response represented less than three percent of ACLR's cost basis proposal and percentage of work performed proposal. A copy of the response is attached as Exhibit C

17. On October 7, 2020, ACLR received from CMS what it characterized as a "final decision issued pursuant to the Court's April 21, 2020 remand order." That document contained changes to the contracting officer's response and similarly represented less than three percent of ACLR's cost basis proposal and percentage of work performed proposal.

18. The parties have reached an impasse on the amounts owed to ACLR under its termination for convenience settlement proposals and ACLR asks this Court to determine the amounts owed.

## Count I:
## Termination for Convenience Damages

19. ACLR incorporates and restates here the allegations set forth in Paragraphs 1 through 18 of the Amended Complaint.

20. As provided in its May 15, 2020 termination for convenience settlement proposal based upon actual costs incurred, ACLR sought $5,923,754.

21. As provided in its June 26, 2020 revised termination for convenience settlement proposal based upon CMS's request for a price based method, ACLR sought $10,418,948.

22. In its Opinion and Order, this Court wrote "under the terms of the contract, defendant is liable to plaintiff for 'a percentage of the contract price reflecting the percentage of the work performed prior to the notice of termination, plus reasonable charges the Contractor can demonstrate to the satisfaction of the ordering activity using its standard record keeping system, [that] resulted from the termination.'"

WHEREFORE, Plaintiff ACLR prays for judgment against Defendant as follows:

1. Damages in the amount of at least $5,923,754 plus interest and additional legal fees incurred in this proceeding seeking the Government's payment of termination for convenience damages; and

2. Additional relief as the Court deems just and proper.

Dated:  November 6, 2020

           Respectfully submitted,

           DAVID, BRODY & DONDERSHINE, LLP

           _____/s/_____
           Thomas K. David, Esq.
           John A. Bonello, Esq.
           12355 Sunrise Valley Drive, Suite 650
           Reston, VA 20191
           Phone:  703-264-2220
           Fax: 703-264-2226

           Attorneys for Plaintiff ACLR, LLC

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 6th day of November 2020, I caused a copy of the foregoing document to be emailed via the ECF system to the following:

Joesph Pixley<br>
Trial Attorney<br>
Commercial Litigation Branch<br>
Civil Division<br>
United States Department of Justice<br>
P.O. Box 480<br>
Ben Franklin Station<br>
Washington, DC 20044

_____/s/_____
Thomas K. David