# EXHIBIT

# 5

DEPARTMENT OF HEALTH & HUMAN SERVICES
Centers for Medicare & Medicaid Services
7500 Security Boulevard, Mail Stop B3-30-03
Baltimore, Maryland 21244-1850

CMS CENTERS FOR MEDICARE & MEDICAID SERVICES OFFICE OF ACQUISITION & GRANTS MANAGEMENT

**Office of Acquisition & Grants Management**

May 28, 2020

**To:** Gil Mucke

**Subject:** ACLR's Termination for Convenience Settlement Proposal dated May 15, 2020

Dear Mr. Mucke,

CMS has received and started reviewing ACLR's termination for convenience settlement proposal dated May 15, 2020. The proposal follows the Court's April 21, 2020 remand order in *ACLR, LLC v. United States*, Nos. 15-767C and 16-309C (Fed. Cl.), as well as the agency's May 6, 2020 guidance letter to ACLR regarding proposal submission. Based on a preliminary review, three matters require resolution for the agency to continue considering the proposal.

First, we request that ACLR revise its proposal to use the method for determining compensation described in the commercial item termination for convenience clause included in ACLR's contract.[1] The clause provides in relevant part:

Subject to the terms of this contract, the Contractor shall be paid a percentage of the contract price reflecting the percentage of the work performed prior to the notice of termination, plus reasonable charges the Contractor can demonstrate to the satisfaction of the ordering activity using its standard record keeping system, have resulted from the termination.

FAR 52.212-4(*l*) (Mar. 2009) (Deviation Feb. 2007). This clause describes a generally price-based method for determining compensation, unlike the cost-based method contemplated by other termination for convenience clauses.[2] The agency's May 6 guidance letter to ACLR reflected this price-based method. Specifically, CMS suggested that for each of the two terminated audits, ACLR identify the contract price for the audit, the percentage of work ACLR performed prior to the notice of termination of the audit, and the amount corresponding to a percentage of the contract price

[1] The Court recognized the inclusion of this clause in its April 6, 2020 Opinion and Order.

[2] *See, e.g.*, *ESCgov, Inc.*, ASBCA No. 58852, May 8, 2017, 17-1 BCA ¶ 36,772 ("In this appeal it is obvious the FAR 52.212-4(*l*) (the commercial items clause) and FAR 52.249-2 (the Part 49 clause) . . . are in conflict and cannot be harmonized. . . . While the goal of each clause is fair compensation for the contractor upon the termination of the contract for the government's convenience, . . . the commercial items clause's recovery is price based, while the standard clause's recovery is cost based."); *Dellew Corp.*, ASBCA No. 58538, May 1, 2015, 15-1 BCA ¶ 35,975 ("While firm-fixed-price contracts containing the FAR Part 49 termination clause are essentially converted into cost-reimbursement contracts when terminated for government convenience, FAR 52.212-4(*l*) specifies 'instead that recovery for work performed prior to termination be calculated based on contract price, i.e., as a percentage of contract price reflecting percentage of work performed prior to notice of termination.'") (quoting *SWR, Inc.*, ASBCA No. 56708, Dec. 4, 2014, 15-1 BCA ¶ 35,832).

reflecting the percentage of the work performed prior to the notice of termination. CMS also requested that ACLR identify reasonable charges that resulted from the termination.

ACLR's proposal, however, appears to be entirely cost-based. The proposal is divided into PY07 Duplicate Payment Audit Costs, PY10 Duplicate Payment Audit Costs, and Settlement Fees. Although the PY07 Duplicate Payment Audit Costs section includes a subsection titled "Audit Contract Price & Percentage of Completion Calculation", we could not determine what ACLR identified as the contract price for that audit, or the percentage of work ACLR performed on that audit prior to the notice of termination. Similarly, under the PY10 Duplicate Payment Audit Costs section, we could not determine what ACLR identified as the contract price for that audit, or the percentage of work ACLR performed on that audit prior to the notice of termination.

Thus, we request ACLR revise its proposal to use the method for determining compensation described in FAR 52.212-4(*l*). We suggest following the structure described in our May 6 guidance letter, which reflected this method.

Second, if the revised request seeks compensation for reasonable charges that resulted from termination, we request that ACLR review any such charges to ensure it is not seeking compensation for costs that are unallowable under the FAR. *Cf. Corners & Edges, Inc.*, CBCA Nos. 693, 762, Sept. 23, 2008, 08-2 BCA ¶ 33,961 (litigation costs unallowable under FAR 31.205-47(f)(1) not considered "reasonable charges" under FAR 52.212-4(*l*)).

Third, the proposal explains that ACLR has supplied various documents in support of incurred costs, and other documentation is available upon request. Even when a contractor identifies generally allowable costs, "the contractor has the burden of proving th[o]se costs were incurred 'with sufficient certainty so that the determination of the amount . . . will be more than mere speculation'" by providing substantiating documentation. *See Dream Mgmt., Inc.*, CBCA No. 5517, Apr. 10, 2017, 17-1 BCA ¶ 36,716 (quoting *Nu-Way Concrete Co.*, CBCA No. 1411, Dec. 16, 2010, 11-1 BCA ¶ 34,636). Consistent with our May 6 guidance, which suggested ACLR provide any documentation and/or calculations relied on to determine amounts identified and proposed, we request ACLR submit with its revised proposal any and all documentation it wishes the agency to consider in connection with the revised proposal.

Thank you,

Nicole Hoey -S Digitally signed by Nicole Hoey -S
Date: 2020.05.28 14:09:59 -04'00'

Nicole Hoey
Contracting Officer